UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

CAROL RIZZO,
a citizen and resident of Illinois,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT

Plaintiff CAROL RIZZO, an Illinois citizen and resident, sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation doing business as CARNIVAL CRUISE LINES, and files her complaint and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff CAROL RIZZO is sui juris and is a resident and citizen of the State of Illinois.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. §1332, since Plaintiff is a resident and citizen of the State of Illinois and the Defendant is

a citizen of Florida for purposes of 28 U.S.C. §1332 since its principal place of business is in Florida. The amount of damages claimed exceeds $75,000.00, the threshold amount for federal jurisdiction under 28 U.S.C. §1332. The damages alleged in Paragraph 15 below, including a fracture of the Plaintiff's right femur, support an award of damages in excess of $75,000.00.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant timely written notice of her claim as required by the ticket contract on August 28, 2023. Notice of Intent is attached as "Exhibit A".

10. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S HORIZON ("HORIZON").

11. At all material times, including the accident date of August 20, 2023, the Plaintiff was a fare paying passenger aboard the HORIZON and in that capacity was lawfully present aboard the vessel.

12. At all material times, the Defendant owed the Plaintiff, as a paying passenger lawfully aboard its cruise vessel, a duty of reasonable care for her safety.

13. On or about August 20, 2023, there existed a hazardous or dangerous condition on the tile floor near the tide Pool on Deck 10 of the HORIZON.  Specifically, in that area there were wet spots on the tiled floor surface, posing a slipping hazard for passengers walking in the area. Wet tile posed a slipping hazard, but not one that was apparent to reasonable passengers approaching the area, since the wet nature of the floor was not conspicuous or visible to casual inspection by a reasonable passenger not focused on an inspection of the floor.

14. At the time and place referred to in the preceding paragraph, the Plaintiff, while walking on the tile flooring referenced in the preceding paragraph, slipped and fell.

15. As a direct and proximate result of the fall referenced in the preceding paragraph, the Plaintiff, CAROL RIZZO, was injured in and about her body and extremities, sustained injuries including a fractured right femur, suffered pain and mental anguish therefrom, incurred past and future reasonably certain medical and related expenses in the treatment of her injuries, , the future medical damages being reasonably certain to occur, experienced lost wages, sustained disability, physical impairment, aggravation or activation of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy life.  These damages are permanent or continuing in their nature and Plaintiff CAROL RIZZO, will continue to sustain these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

16. The Plaintiff adopts, realleges and incorporates by reference all allegations of

3

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Paragraphs 1 through 15 above and further alleges the following matters.

17. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to maintain the walking surfaces on its vessel HORIZON in a reasonably safe condition for passengers walking thereon, including the Plaintiff.

18. At all material times there existed a hazardous condition on the tile floor near the tide pool on Deck 10 of the HORIZON as described in Paragraph 13 above.

19. At all material times, the hazardous condition on the tile floor referred to in Paragraph 13 above was in a high traffic area, regularly utilized as a walkway by all individuals on board the vessel.

20. At all material times, the hazardous condition referenced in Paragraph 13 above had existed for a long enough period of time so that CARNIVAL should have detected and corrected it, so that CARNIVAL had constructive knowledge of its presence and of the hazard it posed.

21. Notwithstanding the actual or constructive knowledge of CARNIVAL as alleged above, CARNIVAL failed adequately to maintain the tile floor near the tide pool on Deck 10 of the HORIZON in the area where Plaintiff fell before she slipped and fell as alleged in Paragraph 14 above.

22. CARNIVAL's specific negligent acts or omissions regarding maintenance of the tile floor near the tide pool on Deck 10 of the HORIZON consist of one or more of the following:

   a. Failing to maintain the floor in a reasonably safe condition;

   b. Failing to conduct routine inspections of the tile flooring to detect dangerous conditions;

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

23. As a direct and proximate result of one or more of the negligent acts or omissions by CARNIVAL alleged above, Plaintiff CAROL RIZZO has sustained and will continue to sustain in the future the damages alleged in Paragraph 15 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN

24. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

25. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to warn of conditions on the walking surfaces of the HORIZON, actually or constructively known to it, that posed a slipping hazard to passengers walking thereon such as the Plaintiff.

26. At all material times there existed a hazardous condition on the tile floor near the tide pool on Deck 10 of the HORIZON as described in Paragraph 13 above.

27. At all material times, the hazardous condition referred to in the preceding paragraph was in a high traffic area, regularly traversed by large numbers of passengers and crew members on board the vessel.

28. At all material times, the hazardous condition referenced in Paragraph 13 above had existed for a long enough period of time so that CARNIVAL should have detected and corrected it, so that CARNIVAL had constructive knowledge of its presence and of the hazard it posed.

29. Notwithstanding the actual or constructive knowledge of CARNIVAL as alleged above, CARNIVAL at all material times before the Plaintiff slipped and fell as alleged in

5

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Paragraph 14 above failed adequately to warn passengers, including the Plaintiff, of the dangerous condition referenced in Paragraph 13 above, through adequate signage or markings, orally delivered or written warnings, cordoning off the dangerous area, or otherwise, and was thereby negligent.

30. As a direct and proximate result of CARNIVAL's negligent failure to warn as alleged above, Plaintiff CAROL RIZZO has sustained and will continue to sustain in the future the damages alleged in Paragraph 15 above.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated, this 2nd day of August, 2024.

s/PHILIP M. GERSON
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749